IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
Charleston Division

**SCOTTY POWELL and**
**REBECCA POWELL,**

      **Plaintiffs,**

  v.                                    Civil Action No. 2:11-0335

**BANK OF AMERICA, N.A. d/b/a**
**BANK OF AMERICA HOME LOANS f/k/a**
**COUNTRYWIDE HOME LOANS, INC.,**
**THOMAS A. ZAMOW,**
**BAC HOME LOANS SERVICING, LP and**
**JOHN DOE HOLDER,**

      **Defendants.**

## NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA, CHARLESTON DIVISION

        Pursuant to 28 U.S.C. §§ 1441, and 1446, Defendants Countrywide Home Loans, Inc. ("Countrywide")[1] and BAC Home Loans Servicing, LP ("BAC") (collectively, "Defendants"), by counsel, hereby remove this action from the Circuit Court of Boone County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division. As more fully explained herein, removal is proper because this Court has subject matter jurisdiction over this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] Plaintiffs incorrectly name Defendant as Bank of America, N.A. d/b/a Bank of America Home Loans f/k/a Countrywide Home Loans, Inc. Bank of America is not doing business as Bank of America Home Loans and is not formerly known as Countrywide Home Loans, Inc. They are separate entities.

**STATEMENT OF GROUNDS FOR REMOVAL**

### I. BACKGROUND

1. On or about June 28, 2010, Plaintiffs Scotty Powell and Rebecca Powell ("Plaintiffs"), by counsel, filed a Complaint against Defendants Countrywide and BAC, and against Hometown Real Estate, Inc., Rosanna Trent, and "John Doe Holder," in the Circuit Court of Boone County, West Virginia, Case No. CL10-C-152. Copies of the Circuit Court's Docket Sheet and Plaintiff's Complaint are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

2. On or about April 13, 2011, Plaintiffs, by counsel, filed an Amended Complaint ("Amended Complaint") against Defendants Countrywide and BAC, and against Thomas Zamow and "John Doe Holder." A copy of Plaintiffs' Amended Complaint is attached hereto as **Exhibit C**.

3. Countrywide is incorporated under the laws of the state of New York, with its principal place of business in California. Accordingly, Countrywide does not have citizenship in West Virginia for purposes of determining diversity jurisdiction.

4. BAC is a Texas limited partnership with its principal place of business in Plano, Texas. Accordingly, BAC does not have citizenship in West Virginia for purposes of determining diversity jurisdiction.

5. Defendants have not been served with Plaintiffs' Amended Complaint. On April 29, 2011, Defendants received a courtesy copy of the Amended Complaint from Plaintiffs' counsel via electronic mail. Accordingly this Notice of Removal is timely pursuant to 28 U.S.C. §1446(b).

6. Upon information and belief, no other defendant has been served with Plaintiffs' Amended Complaint.

7. This Notice of Removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

8. Upon information and belief, no defendants have previously sought similar relief in this case.

9. Plaintiff's claims arise out of a consumer credit transaction entered into by Plaintiffs related to property located in Boone County, West Virginia. In their Amended Complaint, Plaintiffs allege violations of the West Virginia Consumer Credit Protection Act ("WVCCPA"), W. Va. Code § 46A-1-101, *et seq.*, asserting claims against Defendants for "unconscionable contract" and illegal debt collection. Plaintiffs also assert claims against Defendants for alleged fraud and breach of contract.

10. Plaintiffs seek a variety of relief, including actual and punitive damages, statutory damages, civil penalties, costs, and attorneys' fees under the WVCCPA. Plaintiffs also seek "[a]ppropriate equitable relief" and "[s]uch other relief as the Court may deem equitable and just." (Complaint ¶¶ 35, 40, 46, 56, 58, 61, 63, 65). However, nowhere in their Amended Complaint do Plaintiffs specify the amount of damages they seek.

11. Defendants deny the allegations set forth in the Amended Complaint, deny that Plaintiffs have stated a claim for which relief may be granted, and deny that Plaintiffs have been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiffs' claims are valid, Plaintiffs could have originally filed the Amended Complaint in this Court under diversity jurisdiction.

## II. FEDERAL JURISDICTION

### A. Diversity Jurisdiction Exists Over Plaintiffs' Claims

12. Plaintiffs' Amended Complaint gives rise to diversity jurisdiction.

13. Plaintiffs are citizens of West Virginia.

14. For purposes of federal jurisdiction, Countrywide is not a citizen of West Virginia. Countrywide is a corporation incorporated under the laws of the state of New York, with its principal place of business in California. Accordingly, there is diversity of citizenship between Countrywide and Plaintiffs. *See The Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010); *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101 (4th Cir. 2011); *Hoschar v. Appalachian Power Co. & Indus. Contractors, Inc.*, No. 3:11-00152, 2011 U.S. Dist. LEXIS 47884 (S.D.W. Va. May 3, 2011).

15. For purposes of federal jurisdiction, Defendant BAC is not a citizen of West Virginia. BAC is a Texas limited partnership with its principal place of business in Plano, Texas. BAC has one limited partner: BANA LP, LLC, which is a Nevada limited liability company with its principal place of business in Calabasas, California. BAC's general partner is BAC GP, LLC, which is a Nevada limited liability company with its principal place of business in Calabasas, California. The sole member of both BANA LP, LLC, and BAC GP, LLC is Bank of America, NA, which is a national banking association formed under the laws of the United States with its main office in Charlotte, North Carolina. Accordingly, there is diversity of citizenship between BAC and Plaintiffs. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004); *New York State Teachers Ret. Sys. v. Kalkus*, 764 F.2d 1015, 1019 (4th Cir. 1985); *Shonk Land Co. LLC v. Ark Land Co.*, 170 F. Supp. 2d 660, 661-62 (S.D.W. Va. 2001).

16. Therefore, there is complete diversity of citizenship as the citizenship of Plaintiff is diverse from the citizenship of Defendants.

17. Plaintiffs' claims, when aggregated, more likely than not exceed the $75,000 amount in controversy threshold.

18. Even though Plaintiffs seek damages in an indeterminate amount, Defendants may nevertheless remove this action if they prove by a preponderance of the evidence that the amount in controversy is greater than $75,000.  *Dunlap v. Green Tree Servicing, LLC*, Civil Action No. 2:05-311, 2005 U.S. Dist. LEXIS 32485, at *8 (S.D.W. Va. Nov. 28, 2005).  When determining whether the aggregate amount of Plaintiffs' claims meets the jurisdictional minimum, the Court may include compensatory damages, statutory damages, punitive damages, and attorneys' fees if the fees arise as a result of a statutory or contractual entitlement.  *Patton v. The Fifth Third Bank*, No. 2:05-790, 2006 U.S. Dist. LEXIS 23138, at *4-10 (S.D.W. Va. Mar. 24, 2006).  Whether Plaintiffs seek aggregate damages in excess of $75,000 is left to the "common sense" of the Court.  *Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 24 (S.D.W. Va. 1994).

19. In their Amended Complaint, Plaintiffs go to great lengths to leave the requested damages indeterminate.  However, a common sense reading of the Amended Complaint dictates that if Plaintiffs receive everything they ask for, they will receive an amount greater than $75,000.

20. Plaintiffs seek $4,400 in civil penalties for each alleged violation of the WVCCPA.  It is unclear precisely how many alleged violations of the WVCCPA Plaintiffs are claiming.  However, in Count III for their claim of unconscionable contract, Plaintiffs seek at least **one** civil penalty.  (Complaint ¶ 46).  In Count V, Plaintiffs allege that Defendants "routinely" insulted and abused them in violation of the WVCCPA and seek a civil penalty for "each violation."  Plaintiffs are thus alleging at least **two** violations in Count V.  (Complaint ¶

58). In Count VI, Plaintiffs clearly claim at least **four** violations. (Complaint ¶ 61). In Count VII, Plaintiffs seek "civil penalties for *each* violation," thus reasonably implying that they allege at least **two** violations in support of that count. (Complaint ¶ 63) (emphasis in original). In Count VIII, Plaintiffs clearly claim at least **three** violations of the WVCCPA. (Complaint ¶ 65).

21. Thus, solely for purposes of determining the jurisdictional amount based on the claims as set forth in Plaintiff's Amended Complaint, it is readily apparent from a fair reading of their pleadings that Plaintiffs allege a minimum of at least **twelve** violations of the WVCCPA.

22. Presuming that Plaintiffs are alleging at least twelve violations of the WVCCPA, with a civil penalty of approximately $4,400 per violation, their claims in Counts III, V, VI, VII, and VIII would amount to $52,800 in civil penalties alone under the WVCCPA. This amount does not include the "actual damages" Plaintiffs seek for each violation of the WVCCPA, or the damages and relief they seek for their claims of fraud and breach of contract in Counts I, II, and IV.

23. Additionally, Plaintiffs also request attorneys' fees and costs for their claims brought under the WVCCPA. The Court may consider the amount of attorneys' fees in its jurisdictional amount calculus. *See McGraw v. Discover Fin. Servs., Inc.*, Civil Action No. 2:05-0215, 2005 U.S. Dist. LEXIS 37111, at *19 (S.D.W. Va. July 26, 2005) ("[T]he right to fees created by W. Va. Code § 46A-5-104 may be considered for purpose of meeting the amount in controversy threshold under 28 U.S.C. § 1332(a)."). It is unclear whether Plaintiffs' claims entitle them to fee shifting, but W. Va. Code § 46A-5-104 allows for fee shifting for any successful claim brought under the WVCCPA. Given the extensive litigation one might

reasonably expect in this type of case, including discovery, motions practice, and trial, the Court can assume that Plaintiffs' attorneys' fees will be substantial.

24. Plaintiffs also seek punitive damages, which are included in the jurisdictional amount calculus. *See McGraw*, 2005 U.S. Dist. LEXIS 37111, at *14 ("In addition to compensatory and statutory damages, punitive damages may be included for the purpose of determining the amount in controversy."). Even at a conservative estimate of a 1:1 actual to punitive damage ratio, the potential punitive damages would push the total recovery well above the jurisdictional threshold.

25. Finally, the original loan amount for the loan was $56,050.00. (See **Exhibit D**, Adjustable Rate Note). From January 2007 through June 2008, Plaintiffs submitted at least $10,581.51in payments toward their loan. (See **Exhibit E**, copies of checks). In October 2009, Plaintiffs executed a Loan Modification Agreement, which modified the terms of their loan to include an unpaid principal balance of $66,998.48. (See **Exhibit F**, Loan Modification Agreement). Plaintiffs still owe $66,998.48 in principal alone. The combined value of the payments and unpaid principal is $77,579.99.

26. In Count III of their Amended Complaint, Plaintiffs claim that the loan is "unenforceable." (Complaint, ¶ 46). Plaintiffs also seek unspecified equitable relief in support of each of their claims. Presuming, solely for purposes of determining the jurisdictional amount based on the claims as set forth in Plaintiff's Amended Complaint, that Plaintiffs seek a voiding of the loan agreement and a return of any paid principal or finance charge, Plaintiffs' claims clearly exceed the jurisdictional amount.

27. Thus, when added together, the potential actual damages, potential statutory damages, potential civil penalties, the statutory entitlement to attorneys' fees, the

potential punitive damages and other incidental and consequential damages, as set forth in Plaintiffs' Amended Complaint, can reasonably be expected to exceed $75,000. Accordingly, this case qualifies for federal diversity jurisdiction and is properly removable.

### B.    **Fraudulent Joinder of Defendant Thomas A. Zamow**

28.    According to the allegations in Plaintiffs' Amended Complaint, Defendant Thomas A. Zamow ("Mr. Zamow") is a West Virginia resident. He is therefore not diverse from Plaintiffs. However, it is clear that Mr. Zamow was fraudulently joined in an effort to defeat diversity jurisdiction.

29.    Plaintiffs identify Mr. Zamow as a "Loan Closer" whose unidentified "employee served as the closing agent." (Complaint ¶ 3).

30.    Plaintiffs do not allege that Mr. Zamow participated in any manner in the closing of their loan. They merely allege that Mr. Zamow's unidentified employee "conducted" the closing, which, according to Plaintiffs, "was very brief, lasting only ten to fifteen minutes." Plaintiffs further claim that they "were simply instructed where to sign and initial" the closing documents. (Complaint ¶ 13).

31.    Nowhere in their Amended Complaint do Plaintiffs allege that either Mr. Zamow or his employee committed any wrongful, tortious, or illegal conduct. Neither do Plaintiffs allege that Mr. Zamow was engaged in any joint venture, conspiracy, or agency with Defendants Countrywide and BAC. Plaintiffs do not appear to seek any relief from Mr. Zamow. Plaintiffs' claims for fraud in Counts I and II are clearly based on alleged misrepresentations by Defendant Countrywide. (Complaint ¶¶ 10-11, 30-31, 37). Plaintiffs' remaining claims for breach of contract and alleged violations of the WVCCPA are asserted against Defendants Countrywide and BAC.

32. Based on a fair reading of the allegations set forth in Plaintiffs' pleadings, Mr. Zamow's employee merely served as the notary for the closing. As the notary, the employee's sole function was to acknowledge the authenticity of Plaintiffs' signatures on the loan documents. *See Wolfe v. Greentree Mortgage Corp.*, No. 3:09-cv-74, 2010 U.S. Dist. LEXIS 6005, at *8 (N.D.W. Va. Jan. 26, 2010). Plaintiffs do not allege that Mr. Zamow's employee improperly notarized the loan documents or that he improperly witnessed their signatures.

33. Plaintiffs haves not stated a cause of action against Mr. Zamow and, in fact, no cause of action exists. Accordingly, Mr. Zamow's citizenship is irrelevant for purposes of determining diversity jurisdiction. *See AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (affirming denial of leave to amend on grounds of fraudulent joinder because "there is no real intention to get a joint judgment and there is no colorable ground for so claiming"); *Wolfe*, 2010 U.S. Dist. LEXIS 6005, at *5-9 (holding that notary was fraudulently joined and that there was "no glimmer of hope" that plaintiff could obtain judgment against notary); *Wygal v. Litton Loan Servicing LP*, No. 5:09-cv-322, 2009 U.S. Dist. LEXIS 73183, at *13-15 (S.D.W. Va. Aug. 18, 2009) (denying plaintiff's motion to remand, holding that co-defendant substitute trustee's citizenship was not factor in diversity analysis, finding that trustee was fraudulently joined because borrower had no plausible cause of action against substitute trustee under deed of trust).

34. This Court thus has jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the real parties and the amount in controversy exceeds the jurisdictional requirement. Accordingly, this case qualifies for federal diversity jurisdiction and is properly removable.

### III. VENUE

35. Venue is proper in the Southern District of West Virginia, Charleston Division pursuant to 28 U.S.C. §§ 1391 and 1441, because this district and division encompass the Circuit Court of Boone County, West Virginia, the forum from which the case has been removed, and the property that is security for the mortgage transaction at issue is located in this judicial district.

### IV. NOTICE

36. Pursuant to 28 U.S.C. §1446(d), a copy of Defendants" Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court of Boone County, West Virginia, a copy of which is attached as **Exhibit G**.

37. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

38. If any questions arise as to the proprietary of the removal of this action, Defendants request the opportunity to present a brief and argument in support of their position that this case is removable.

WHEREFORE, Defendants Countrywide Home Loans, Inc. and BAC Home Loans Servicing, LP, hereby remove this action to this Court.

Dated: May 12, 2011　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　COUNTRYWIDE HOME LOANS, INC.,
　　　　　　　　　　　　　　　　　　　　　　BAC HOME LOANS SERVICING, LP

　　　　　　　　　　　　　　　　　　　　　　By:　　　/s/ Jason E. Manning
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Of Counsel

John C. Lynch (WV Bar No. 6627)
Jason E. Manning (WV Bar No. 11277)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail: john.lynch@troutmansanders.com
E-mail: jason.manning@troutmansanders.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## Charleston Division

**SCOTTY POWELL and**
**REBECCA POWELL,**

      **Plaintiffs,**

    v.                                        Civil Action No. 2:11-0335

**BANK OF AMERICA, N.A. d/b/a**
**BANK OF AMERICA HOME LOANS f/k/a**
**COUNTRYWIDE HOME LOANS, INC.,**
**THOMAS A. ZAMOW,**
**BAC HOME LOANS SERVICING, LP and**
**JOHN DOE HOLDER,**

      **Defendants.**

## <u>CERTIFICATE OF SERVICE</u>

        I hereby certify that on the 12th day of May, 2011, a true and correct copy of the foregoing Notice of Removal was served via first class mail, postage prepaid, on the following:

**<u>Counsel for Plaintiffs Scotty and Rebecca Powell</u>**
Daniel F. Hedges (dan@msjlaw.org)
Sarah K. Brown (sarah@msjlaw.org)
Jacklyn A. Gonzales (jacklyn@msjlaw.org)
Mountain State Justice
1031 Quarrier Street, Suite 200
Charleston, West Virginia 25301


                                  /s/ Jason E. Manning
                        John C. Lynch (WV Bar No. 6627)
                        Jason E. Manning (WV Bar No. 11277)
                        Troutman Sanders LLP
                        222 Central Park Avenue, Suite 2000
                        Virginia Beach, Virginia 23462
                        Telephone: (757) 687-7500
                        Facsimile: (757) 687-7510
                        E-mail: jason.manning@troutmansanders.com

417646v1